[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-10916

Non-Argument Calendar

————————————————

MITCHELL MARBURY,

Plaintiff-Appellant,

*versus*

WARDEN III,
WARDEN II,
CAPT. CARLA GRAHAM,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 4:18-cv-00925-CLS-JHE

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Mitchell Marbury, an Alabama state prisoner proceeding *pro se*, appeals the district court's order granting summary judgment to three prison official defendants on his Eighth Amendment claim that they were deliberately indifferent to his request for protection and denying Marbury's motions for default judgment against one of the defendants and for leave to conduct additional discovery. On appeal, Marbury argues that he provided sufficient evidence to the district court to document his fear for his safety while in the general population at the prison. He contends that if the district court had granted his motion for leave to conduct additional discovery, he would have been able to obtain additional evidence of specific incidents to support his Eighth Amendment claim. Finally, he argues that qualified immunity should not serve as a basis for denial of his claims because he provided sufficient evidence to withstand summary judgment as to the substantial risk of harm element.[1]

We review a district court's order granting summary judgment *de novo*, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Vessels v. Atlanta*

_____

[1] Marbury has abandoned on appeal any challenge to the district court's denial of his motion for default judgment against Specks on appeal.

*Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* A genuine dispute exists only if a reasonable fact-finder could find that the plaintiff is entitled to a verdict by a preponderance of the evidence. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012). Unsupported factual allegations, affidavits based on information and belief instead of personal knowledge, and mere conclusions are insufficient to withstand a motion for summary judgment. *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005). A non-conclusory affidavit that complies with Federal Rule of Civil Procedure 56 can create a genuine dispute concerning an issue of material fact, even if it is self-serving and/or uncorroborated. *United States v. Stein*, 881 F.3d 853, 858-59 (11th Cir. 2018) (*en banc*).

It is inappropriate for the district court to make credibility determinations or to weigh the evidence at the summary judgment stage. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, where the non-movant relies upon implausible inferences drawn from that evidence, summary judgment is appropriate. *Cuesta v. Sch. Bd. of Miami-Dade Cty., Fla.*, 285 F.3d 962, 970 (11th Cir. 2002). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

We review discovery rulings for abuse of discretion. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Discretion means the district court has a range of choice, and its decision will not be disturbed if it stays in that range and is not influenced by a mistake of law. *Id.* Accordingly, we will not disturb a district court's ruling unless it has made a clear error of judgment or applied the wrong legal standard and the ruling resulted in substantial harm to the appellant's case. *Id.* at 1307. District courts have broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014). In cases involving qualified immunity of public officials, the district court must "exercise its discretion so that officials are not subject to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

To defeat a motion for summary judgment, a plaintiff must present affirmative evidence showing a genuine issue of material fact, "even where the evidence is likely to be within the possession of the defendant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). However, this general rule only holds true "as long as the plaintiff has had a full opportunity to conduct discovery." *Id.*; *see also Snook v. Tr. Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.").

"The discovery process depends on the parties participating in good faith." *Akridge v. Alfa Mutual Insurance Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021). That inquiry is governed by Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). And since the Federal Rules "strongly favor full discovery whenever possible," *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (quotation marks omitted), a civil litigant is generally entitled to "any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence," *Degen v. United States*, 517 U.S. 820, 825-26 (1996) (quotation marks omitted).

The Supreme Court has stressed the need to construe the Federal Rules liberally to allow for robust discovery. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 506 (1947) (advising that "the discovery provisions are to be applied as broadly and liberally as possible"). Because "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation," "either party may compel the other to disgorge whatever facts he has in his possession." *Id.* at 507.

To state an Eighth Amendment claim premised on failure to protect or prevent harm, a plaintiff must allege facts showing that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation. *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016). We use an objective standard to examine the first element—a substantial risk of harm—and the plaintiff must demonstrate "conditions that were extreme and posed an unreasonable risk of serious injury to [the plaintiff's] future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quotation marks omitted). The second element, whether the defendant was deliberately indifferent, involves an objective and subjective component:

> Subjectively, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also draw the inference. Objectively, the official must have responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act.

*Id.* (quotation marks and ellipsis omitted).

We have recognized that an excessive risk of inmate-on-inmate violence can constitute a substantial risk of serious harm, but a plaintiff must show more than an occasional or isolated attack. *Purcell ex rel. Est. of Morgan v. Toombs Cty., Ga*, 400 F.3d 1313, 1320 (11th Cir. 2005); *accord Caldwell v. Warden, FCI Talladega*,

748 F.3d 1090, 1101 (11th Cir. 2014) ("We stress that [a] plaintiff . . . must show more than a generalized awareness of risk." (quotation marks omitted)).  While "confinement in a prison where violence and terror reign is actionable," to show the existence of a substantial risk of harm a plaintiff must demonstrate "that serious inmate-on-inmate violence was the norm or something close to it." *Purcell*, 400 F.3d at 1320, 1322 (quotation marks omitted).  Sworn allegations of a generalized risk, by themselves, do not support the conclusion that "serious inmate-on-inmate violence was so pervasive that it constitutes a substantial risk of harm to which defendants were deliberately indifferent."  *Marbury*, 936 F.3d at 1234.  However, "[i]t may be possible for a general threat of inmate-on-inmate violence in a prison to bolster an otherwise insufficient unspecified threat of harm." *Id.* at 1237.

Marbury previously raised a nearly identical claim of deliberate indifference following a prior 2016 stabbing incident in which he claimed, in part, that prison officials were deliberately indifferent to a general threat posed by inmate-on-inmate violence in Marbury's cell block based on his statement that he had witnessed 15 stabbings at the prison. *Id.* at 1233.  On appeal, we affirmed the district court's grant of summary judgment in favor of the defendants. *Id.* at 1236.  We stated that Marbury's affidavit supported the inference that he faced some generalized risk of attack but did not support the conclusion that serious inmate-on-inmate violence was so pervasive that it constituted a substantial risk of serious harm to which defendants were deliberately indifferent. *Id.* at 1234.  As to

his statement that he had witnessed 15 stabbings, we noted that there was no evidence as to the total prison population, the sections of the prison in which the attacks occurred, or over what period these incidents occurred. *Id.* We stated that plaintiffs must point to specific features of a facility or its population rendering it particularly violent—such as evidence of pervasive staffing and logistical issues rendering prison officials unable to address near-constant violence, tensions between different subsets of a prison population, and unique risks posed by individual prisoners or groups of prisoners due to characteristics like mental illness—and that Marbury had made no allegations regarding the specific features of the prison that would make it particularly violent. *Id.* at 1235. We clarified that we were deciding the case based on the limited record before the district court and noted the limitations of Marbury's *pro se* status but concluded that the sparse record showed an insufficient risk of harm to prove a deliberate-indifference claim. *Id.*

After a careful review of the briefs and relevant parts of the record, we conclude that the district court abused its discretion in denying Marbury's motion to conduct additional discovery. In this Court's opinion affirming the grant of summary judgment on Marbury's prior similar claim, we noted that Marbury had failed to present evidence that more specifically documented the level of serious inmate-on-inmate violence in the facility beyond his claim that he had witnessed several inmate-on-inmate assaults. *Marbury*, 936 F.3d at 1234-35. In this case, the magistrate judge initially recommended that the district court dismiss Marbury's claim that the

Prison Officials failed to protect him in response to his fear of retaliation from a specific inmate, but allowed his claim regarding the failure to protect him from generally violent conditions in the prison to proceed, which the district court adopted.  The magistrate judge then ordered the Prison Officials to file special reports in response to Marbury's complaint, required specific initial disclosures, and ordered that no additional discovery would be permitted without express leave of court.  The Prison Officials all filed special reports and addressed their knowledge regarding Marbury's specific request for protection but did not provide any information in response to his claims regarding violence in the prison more generally.  Marbury then requested additional discovery regarding, among other things, incidents involving inmate-on-inmate violence.

The district court was correct in noting that Marbury's discovery requests were overbroad, as he requested nearly a decades' worth of documents and reports.  But the district court abused its discretion by denying Marbury's request outright instead of limiting the scope of the discovery to avoid subjecting the Prison Officials to unnecessary or burdensome discovery, such as by limiting discovery of these documents to only the previous year or the previous few years. *See Crawford-El*, 523 U.S. at 598-99.  Moreover, the district court abused its discretion in concluding that his requests were irrelevant—evidence regarding violence in the prison more generally was the exact kind of information this Court has said would be necessary to sustain his claim.  Fed. R. Civ. P.

26(b)(1); *see Marbury*, 936 F.3d at 1234-38; *Sanders*, 437 U.S. at 351. Because a *pro se* prisoner would not have access to this information without discovery, the denial of discovery beyond the initial disclosures ordered by the magistrate judge precluded Marbury from gaining access to information that would allow him to respond to the Prison Officials' summary judgment motion, particularly when the Prison Officials did not disclose any information regarding the number of incidents in the prison generally.  The general standard for summary judgment only holds true so "long as the plaintiff has had a full opportunity to conduct discovery."  *Anderson*, 477 U.S. at 257.  It was an abuse of discretion here for the district court to grant summary judgment to the Prison Officials after denying Marbury a full opportunity to conduct discovery on his claims.

Accordingly, we vacate the district court's order and remand for the district court to permit Marbury to conduct appropriate limited discovery.

**VACATED AND REMANDED.**